UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-23851-CIV-HUCK/O'SULLIVAN

AVMED, INC.,

    Plaintiff,
v.

SHERIDAN HEALTHCORP, INC.,

    Defendant.
_____/

## ORDER GRANTING MOTION TO STAY

This matter is before the Court on Sheridan Healthcorp, Inc.'s Motion to Dismiss or Stay (Doc. #38), filed March 2, 2010. The Court has considered the motion, AvMed, Inc.'s response in opposition (Doc. #43), and Sheridan's reply (Doc. #44), and held a hearing on the motion. AvMed has accused Sheridan of violating the federal antitrust laws by monopolizing the market for anesthesiology services in South Florida and engaging in other anticompetitive conduct. Sheridan asks the Court to dismiss or stay this action in light of similar claims AvMed brought in state court under Florida's state antitrust laws. For the reasons stated during the hearing and below, the Court finds that dismissal would be inappropriate, but agrees that this case should be stayed pending resolution by the state court of AvMed's state antitrust claims.

**I.     Factual and Procedural Background**

Plaintiff, AvMed, is a health maintenance organization (HMO) providing medical insurance to beneficiaries under commercial health plans that it sells to employers and consumers throughout the state of Florida. Defendant, Sheridan, provides anesthesiology and other services through its doctor members to patients. AvMed has purchased anesthesiology and other services from Sheridan for several years on behalf of patients under AvMed's health plans.

In 2005, AvMed and Sheridan began negotiating a new contract. The parties could not agree on what are reasonable charges for Sheridan's services, and no contract was signed. At that point, Sheridan offered to continue to provide anesthesiology services to AvMed's members on an out-of-network basis at Sheridan's full billed charges, which AvMed alleges are

supracompetitive. Sheridan asserted that AvMed would be deemed to have accepted this offer if its members received anesthesiology services at a hospital served by Sheridan. AvMed continued to allow its members to receive anesthesiology services at Sheridan-served hospitals. According to AvMed, it did so because Sheridan dominates the anesthesiology market in Broward, Palm Beach, and Miami-Dade Counties to such an extent that it is commercially infeasible for AvMed to limit its network of hospitals to those not served by Sheridan. However, AvMed did not pay Sheridan its billed charges. Instead, it paid what it considered were reasonable rates.

This led to Sheridan suing AvMed in Broward County Circuit Court on March 3, 2006 for breach of implied contract and declaratory relief. Sheridan sought to recover the amount AvMed refused to pay for Sheridan's anesthesiology services. AvMed filed its first Answer, Affirmative Defenses and Counterclaim on May 2, 2007. AvMed amended its counterclaims on September 26, 2008. AvMed alleged that Sheridan violated Florida's antitrust laws by willfully acquiring monopoly power in the market for anesthesiology services through mergers, acquisitions, and exclusive contracts, and exercising its monopoly power to eliminate competition and increase prices.[1] AvMed's counterclaims include state antitrust claims under Florida Statutes §§ 542.18 and 542.19 for "unreasonable restraint of trade" (Count I), "creation of illegal physician organization" (Count II), "price fixing/unreasonable restraint of trade" (Count III), "illegal monopolization" (Count IV), and "attempt to monopolize" (Count V).

On November 7, 2008, Sheridan filed a motion to dismiss AvMed's state antitrust counterclaims. The judge in the state action held an oral argument on Sheridan's motion to dismiss on October 9, 2009. During the hearing, the state judge commented that he viewed the

---

[1] More specifically, AvMed alleged in its state antitrust counterclaims that "Sheridan, with the intent of acquiring market leverage and power in the relevant anesthesia markets and establishing relationships with hospitals that AvMed and other health insurers and managed care organizations cannot contract around, has successfully implemented an anticompetitive strategy of (i) acquiring, merging or otherwise controlling anesthesia firms, (ii) obtaining, renewing and/or maintaining exclusive hospital contracts for anesthesia services at hospitals essential to AvMed and other health insurers and managed care organizations, (iii) fixing prices in the markets for inpatient anesthesia services, and (iv) using covenants not to compete to prevent hospitals from being able to terminate Sheridan's exclusive contracts and to prevent its anesthesiologists from being able to provide any competition to Sheridan, all to the detriment of AvMed and other consumers of health care services. Consequently, Sheridan is able to charge whatever it wants to charge . . . ." Amended Counterclaim ¶¶ 8-9, Doc. #38-3, Badini Decl. Ex. 2 at 17.

case as a contract case, not an antitrust case. (*See, e.g.*, Doc. #38-7, Badini Decl. Ex. 21 at 87:11-17 ("I'm not impressed with the antitrust case, but the contract case is a different story. I think the case ought to turn on contract principles and on contract matters and not on antitrust matters."); *id.* at 92:7-8 ("I think it is a contract case. I don't think it is an antitrust case.").)

A week after the hearing on Sheridan's motion to dismiss, AvMed moved to recuse or disqualify the state judge, alleging that he had a close relationship with Sheridan's counsel and had prejudged issues in Sheridan's favor. (Doc. #38-7, Badini Decl. Ex. 22.) The state judge denied the motion for being legally insufficient and untimely. (Doc. #38-7, Badini Decl. Ex. 23.) AvMed filed second and third motions for disqualification, which the state judge also denied on November 13, 2009 and December 7, 2009, respectively. (Doc. #38-7, Badini Decl. Exs. 24-25.) AvMed then filed petitions for writ of prohibition with the Florida District Court of Appeal, seeking to have the state judge disqualified. Those petitions were still pending at the time of the hearing in this case. As a matter of Florida appellate procedure, the state court action is stayed until the petitions are resolved. Consequently, the state judge has not ruled on Sheridan's motion to dismiss AvMed's antitrust counterclaims.

AvMed filed this lawsuit on December 29, 2009, alleging that Sheridan has violated the federal antitrust laws. AvMed brings causes of action under section 7 of the Clayton Act for "unlawful combination" (Count I), section 1 of the Sherman Act for "unlawful combination and agreements" (Count II), and section 2 of the Sherman Act for "monopolization" and "attempted monopolization" (Counts III and IV). AvMed is challenging essentially the same underlying conduct as in its state antitrust counterclaims,[2] and it is seeking the same relief.[3] Thus, although the statutes are different, AvMed's claims effectively mirror its state antitrust counterclaims. The only significant difference that AvMed points to is its claim under section 7 of the Clayton Act for "unlawful combination." During the hearing, AvMed's counsel acknowledged that this claim challenges the same conduct as Count II of the state counterclaims, but argued that the

---

[2] AvMed's Complaint uses language almost identical to the state antitrust counterclaims when describing Sheridan's allegedly anticompetitive behavior. *Compare* Complaint ¶¶ 8-9 *with* Amended Counterclaim ¶¶ 8-9, *supra* note 1.

[3] In both cases, AvMed seeks an injunction prohibiting Sheridan from enforcing any contracts obtained through the acceptance-by-performance approach, an order requiring Sheridan to divest some of the anesthesiology practices it has acquired through mergers and acquisitions, and treble damages.

3

burden of proof is lower for the Clayton Act claim than for the state claim. (*See* Doc. #59, Hr'g Tr. 26-29.)

Sheridan asks the Court to dismiss AvMed's Complaint under the *Colorado River* abstention doctrine in light of AvMed's state antitrust counterclaims. Failing dismissal, Sheridan asks the Court to stay this case until the state court has the opportunity to resolve the antitrust counterclaims.[4]

## II.     Legal Analysis

Federal courts generally have a "virtually unflagging obligation" to exercise their jurisdiction. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Where there is a concurrent parallel proceeding in state court, however, a district court may abstain from exercising its jurisdiction in "exceptional circumstances" based on considerations of "wise judicial administration." *Id.* at 813, 817-18; *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 14-16 (1983).

> [T]he *Colorado River* doctrine requires federal courts to consider six factors in determining whether abstention in favor of a concurrent state proceeding is appropriate: (1) the order in which the courts assumed jurisdiction over property; (2) the relative inconvenience of the fora; (3) the order in which jurisdiction was obtained and the relative progress of the two actions; (4) the desire to avoid piecemeal litigation; (5) whether federal law provides the rule of decision; and (6) whether the state court will adequately protect the rights of all parties.

*TranSouth Fin. Corp. v. Bell*, 149 F.3d 1292, 1294-95 (11th Cir. 1998) (citing *Moses H. Cone*, 460 at 16-26).

Sheridan argues that the Court should dismiss or stay this case because AvMed's federal antitrust claims will be barred by res judicata and collateral estoppel, and because the *Colorado River* factors weigh in favor of abstention. Before analyzing the *Colorado River* factors, the Court will discuss the effects res judicata and collateral estoppel may have on this case.

---

[4] Sheridan also moves to dismiss AvMed's claims for failure to state antitrust claims under Federal Rule of Civil Procedure 12(b)(6) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The Court does not address the merits of the claims or the sufficiency of the pleadings in this Order, but will do so at a later time.

### A. Res Judicata

Sheridan argues that dismissal of AvMed's state antitrust counterclaims by the state court will bar AvMed's federal antitrust claims under the doctrine of res judicata. Sheridan's arguments are based on two contentions: (1) that AvMed should have brought its federal antitrust claims as counterclaims in the state court action; and (2) that AvMed should have raised federal antitrust defenses in the state court action. As discussed below, Sheridan's first contention lacks merit, and the second is premature. Accordingly, res judicata does not favor dismissal but does favor a stay.

#### 1. Failure to Bring Federal Antitrust Counterclaims in State Court

Sheridan first argues that AvMed could have, and should have, brought its federal antitrust claims as counterclaims in the state court action. According to Sheridan, it follows that if the state court dismisses AvMed's state antitrust counterclaims, its federal antitrust claims will be barred by Florida's rule against claim splitting, as well as by Florida's "four identities" test. The rule against claim splitting requires that "[a]ll damages sustained or accruing to one as a result of a single wrongful act must be claimed or recovered in one action or not at all." *Leahy v. Batmasian*, 960 So. 2d 14, 18 (Fla. 4th DCA 2007). Under the "four identities" test, a prior judgment will bar a cause of action in a subsequent suit if the following four identities are satisfied: "(1) identity of thing sued for, (2) identity of cause of action, (3) identity of persons and parties to the action, and (4) identity of quality or capacity of persons for or against whom the claim is made." *Id.* at 17.

Sheridan's argument fails because it rests on the faulty premise that AvMed could have brought its federal antitrust claims as counterclaims in state court. Federal courts have exclusive jurisdiction over federal antitrust claims. *See Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985); *Aquatherm Indus., Inc. v. Fla. Power & Light Co.*, 84 F.3d 1388, 1392 n.2 (11th Cir. 1996) ("Exclusive federal jurisdiction is provided by statute for Sherman Act claims, 15 U.S.C. § 4 (1994), and Clayton Act claims, 15 U.S.C. § 15 (1994)."). A state court may adjudicate a defense premised on the federal antitrust laws. *See Vill. of Bolingbrook v. Citizens Utilities Co. of Ill.*, 864 F.2d 481, 484 (7th Cir. 1988). But a state court cannot grant affirmative relief under the federal antitrust laws.[5] *See N.A.P. Consumer Elects. Corp. v.*

---

[5] *Village of Bolingbrook* suggested that federal courts' exclusive jurisdiction over federal antitrust claims "may be ripe for reexamination." 864 F.2d at 485. However, it does not appear

*Electron Tubes Int'l, Inc.*, 458 So. 2d 831, 832 (Fla. 3d DCA 1984) (vacating state court judgment on federal antitrust counterclaim because it is within the "exclusive jurisdiction of the federal courts").

"Florida's preclusion laws do not permit a prior state court judgment to act as a bar to claims over which the state court did not have subject matter jurisdiction." *Aquatherm*, 84 F.3d at 1393; *see also id.* at 1392 ("It is well-established that the general rule against splitting causes of action does not apply when suit is brought in a court that does not have jurisdiction over all of a plaintiff's claims."). Because state courts do not have jurisdiction over federal antitrust claims, the Eleventh Circuit has expressly held that dismissal of Florida state antitrust claims cannot preclude a subsequent federal antitrust lawsuit. *Id.* at 1391-94. As a result, even if the state court dismisses AvMed's state antitrust counterclaims, its federal antitrust claims will not be barred by the rule against claim splitting or the "four identities" test.[6]

Sheridan argues that the Supreme Court's decisions in *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826 (2002), and *Vaden v. Discover Bank*, 129 S. Ct. 1262 (2009), changed the law to allow AvMed to assert federal antitrust counterclaims in state court. *Holmes* and *Vaden* have nothing to do, however, with whether a state court can exercise jurisdiction over federal antitrust counterclaims. *Holmes* and *Vaden* both stand only for the proposition that under the well-pleaded complaint rule, "a federal counterclaim, even when compulsory, does not establish 'arising under' jurisdiction." *Vaden*, 129 S. Ct. at 1272. In the context of a lawsuit filed in state court, this simply means that a federal court cannot exercise removal jurisdiction even if there are federal counterclaims. *See id.* at 1273. Thus, for example, if AvMed had filed federal trademark or RICO counterclaims (over which federal and state courts have concurrent jurisdiction), the case could not have been removed to federal court. The rule from *Holmes* and *Vaden*, however, says nothing about whether AvMed could have filed federal antitrust counterclaims in state court. Nor do any of the other cases cited by Sheridan hold that a state court can exercise jurisdiction over federal antitrust counterclaims.

---

that the Supreme Court has revisited the issue in the more than two decades since *Village of Bolingbrook* was decided.

[6] Sheridan also argues that AvMed waived its federal antitrust claims by failing to bring them as compulsory counterclaims in the state court action. This argument fails for the same reason. AvMed could not have raised its federal antitrust claims in the state court action. Therefore, failure to do so cannot act as a waiver.

Sheridan cites only one case in which a court has determined that state courts can entertain counterclaims traditionally within the exclusive jurisdiction of federal courts. *See Green v. Hendrickson Publishers, Inc.*, 770 N.E.2d 784 (Ind. 2002). In *Green*, the Indiana Supreme Court determined that a state court could entertain a copyright counterclaim. *Id.* at 793 ("[W]e think *Holmes* requires us to reject the federal authorities stating or implying that a state court may not entertain a counterclaim under patent or copyright law.") The court in *Green* reasoned that the "only basis for concluding that a state court may not entertain patent or copyright counterclaims is the exclusive jurisdiction conferred by [28 U.S.C. § 1338(a)][7] over 'any civil action arising under' the patent or copyright laws," and because a case with a copyright counterclaim does not "arise under" the copyright laws, the exclusion of state courts in § 1338(a) does not apply to counterclaims. *Id.* Even if *Green* is correct (which is doubtful),[8] its reasoning does not apply here. The key to *Green* was the "arising under" language in § 1338(a). The jurisdictional grant for federal antitrust claims is not so limited. Federal courts' exclusive jurisdiction over federal antitrust claims is derived from 15 U.S.C. § 15, which provides that "any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States." *See Aquatherm*, 84 F.3d at 1392 n.2 (citing 15 U.S.C. § 15, *Freeman v. Bee Mach. Co.*, 319 U.S. 448, 451 n.6 (1943), and *Hayes v. Solomon*, 597 F.2d 958, 984 (5th Cir. 1979)). Because § 15 does not use the "arising under" language, the analysis in *Green* would not apply. And in any event, *Green* is not binding on this Court.

---

[7] 28 U.S.C. § 1338(a) provides: "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases."

[8] The *Green* decision has been criticized. *See* 5 WILLIAM F. PATRY, PATRY ON COPYRIGHT § 17:51 (2010) (criticizing *Green* as reaching a "wildly erroneous conclusion" based on "an erroneous interpretation of the Supreme Court's *Holmes Group* opinion," and stating that "the only solution in *Green* was for the Greens to file their copyright claims in federal court as plaintiffs"). And it does not appear that any other courts have followed *Green*. *See* 3 MELVILLE B. NIMMER & DAVID NIMMER, NIMMER ON COPYRIGHT § 12.01[A][1][d][v] (Matthew Bender, Rev. Ed. 2010) ("Whether other cases will follow [*Green*'s] radical result remains to be seen.").

### 2. Failure to Bring Federal Antitrust Defenses in State Court

In its reply brief and during oral argument, Sheridan raised another res judicata argument based on AvMed's failure to raise federal antitrust *defenses* in the state court action. Sheridan asserts that under Florida law, "a state court defendant which fails to raise a defense and loses is then barred on res judicata grounds from maintaining a subsequent action using that unasserted defense as the basis for an offensive cause of action. *See Wise v. Tucker*, 399 So. 2d 500, 502 (Fla. 4th DCA 1981) (holding that plaintiff's failure to raise the existence of an agreement as a defense to a prior foreclosure action prevented him, on res judicata grounds, from maintaining a subsequent action based on that agreement)." (Sheridan's Reply at 5.) AvMed concedes that state courts may entertain defenses premised on federal antitrust laws. Thus, according to Sheridan, if the state court dismisses AvMed's state antitrust counterclaims, its federal antitrust claims will be precluded.

Sheridan may or may not be correct. However, the Court finds that it is premature to rule on this issue because it is not ripe. For one thing, although AvMed has not raised federal antitrust defenses in the state court action, that action is ongoing, and AvMed may still be able to amend its pleadings. In addition, the state court has not actually ruled on AvMed's state antitrust counterclaims. Until the state court does so, this Court would be speculating as to the effect that judgment would have on this case. If the state court dismisses AvMed's counterclaims, then the parties can brief the issue more fully, and the Court can determine whether AvMed's failure to raise federal antitrust defenses has any preclusive effect. Given the foregoing, the Court believes the issue of res judicata does not favor dismissal, but it does weigh in favor of staying this case to see what happens in the state court action.

### B. Collateral Estoppel

Similarly, collateral estoppel weighs in favor of staying this case. As both parties acknowledge, the state and federal antitrust claims involve most, if not all, of the same underlying issues (e.g., product market, geographic market, monopoly power, anticompetitive behavior). Collateral estoppel will apply to any issues that are actually litigated and resolved by the state court. Thus, if the state court reaches the merits of AvMed's state antitrust counterclaims, either on summary judgment or at trial, the parties will be barred from relitigating issues determined by that court. If there are any issues remaining for the federal claims, the parties can then litigate those issues. This will avoid the cost and resources that would be

expended litigating the same issues in two different courts, as well as the potential for inconsistent results.

   C. *Colorado River* **Factors**

  The Court now turns to an analysis of the *Colorado River* factors. The first and second factors are neutral because neither the state court nor the federal court has assumed jurisdiction over any property, nor is either court more convenient. The last four factors, however, weigh in favor of abstention.

     **1.** **Order in Which the Courts Obtained Jurisdiction**

  The third factor "requires the court to consider not only the chronological order in which the parties initiated the concurrent proceedings, but the progress of the proceedings and whether the party availing itself of the federal forum should have acted earlier." *TranSouth Financial*, 149 F.3d at 1295. This factor favors abstention. The state court action has been pending since March 2006, and AvMed first filed state antitrust counterclaims on May 2, 2007. Moreover, the state court held an oral argument on Sheridan's motion to dismiss AvMed's state antitrust counterclaims in October 2009. AvMed did not file this case until December 29, 2009—more than three and a half years after Sheridan brought the state case, and two and a half years after AvMed first filed its state antitrust counterclaims.

  AvMed argues that this factor does not support abstention because it did not choose the state court forum. It is true that courts typically find that this factor weighs in favor of abstention where the plaintiff in the federal is the same in both the state and federal courts. *See, e.g.*, *Allied Machinery Service, Inc. v. Caterpillar Inc.*, 841 F. Supp. 406, 408 (S.D. Fla. 1993) ("There is a federal policy against allowing a plaintiff, who has the initial choice of forum, to remove from state to federal court. To allow plaintiff removal would be to endorse forum shopping."). Nevertheless, this is outweighed by a couple of considerations in this case. First, AvMed did not file a federal antitrust case in the years preceding the state case, even though it could have if, as it now contends, it was aggrieved by Sheridan's anticompetitive conduct during those years. Second, AvMed litigated the state case for more than three and a half years before bringing this lawsuit, and it only brought this lawsuit after hearing potentially adverse comments from the state court judge and trying unsuccessfully to have the state court judge disqualified. This suggests that AvMed may now be unhappy with the state court and wishes to change venue. The sequence of events at least raises the appearance of forum shopping for a friendlier court. Thus,

9

even though AvMed did not choose state court, it could have filed this lawsuit much earlier, and its delay and other circumstances described above weigh in favor of abstention.

### 2.     Potential for Piecemeal Litigation

The fourth factor—the desire to avoid piecemeal litigation—strongly favors abstention. The facts underlying the state and federal antitrust claims are the same, and Florida's antitrust statutes are very similar to the federal statutes.  As discussed above, if the state court adjudicates issues underlying AvMed's state antitrust counterclaims, there is a strong possibility that the state court's findings would have collateral estoppel effect in this case.  Thus, staying this case will reduce the costs of litigation,[9] promote judicial economy, and avoid inconsistent results.

### 3.     Abstention Where Federal Law Provides the Rule of Decision

The fifth factor is whether federal law provides the rule of decision.  Here, this Court has exclusive jurisdiction over AvMed's federal antitrust claims, indicating that this factor would perhaps weigh against abstention.  Nevertheless, where, as here, the state law is substantially similar to and provides for the same relief as the federal law, federal courts have abstained in favor of a state proceeding. *See, e.g.*, *Int'l Jensen Inc. v. Emerson Radio Corp.*, No. 96 C 2816, 1996 WL 494273, at *6-7 (N.D. Ill. Aug. 27, 2006); *Classen v. Weller*, 516 F. Supp. 1243, 1245 (N.D. Cal. 1981).  AvMed tries to distinguish *International Jensen* and *Classen* by arguing that those cases turned on the fact that the state forum could provide "the exact same relief based on state law," and that this is not true here because of AvMed's Clayton Act claim. *Int'l Jensen*, 1996 WL 494273, at *6.  AvMed's counsel conceded at the hearing, though, that they are seeking the same relief in the state and federal cases. (*See* Doc. #59, Hr'g Tr. 27 ("We are seeking the same relief, but the standards are very different.").)  Thus, the fact that the state court cannot hear AvMed's Clayton Act claim, or an equivalent, is of reduced importance.  It is certainly outweighed by other considerations such as judicial economy, avoiding inconsistent results, and avoiding the appearance of forum shopping.  And by staying this case, rather than dismissing it, AvMed can have an opportunity to litigate its Clayton Act claim, if appropriate, after the state court has ruled on its state antitrust counterclaims.

---

[9] During the hearing, the parties agreed that any discovery taken in the state court case can be used in this case, and vice versa. (*See* Doc. #59, Hr'g Tr. 39.)  The parties also agreed to appoint David Lichter, the special master in the state court case, as a special master in this case. (*See* Doc. #60, Hr'g Tr. 11.)

### 4. Adequacy of State Court Protection of the Parties' Interests

Finally, the sixth factor is whether the state court will adequately protect the rights of all parties. AvMed argues that because Florida does not have a statute equivalent to section 7 of the Clayton Act, the state court cannot provide AvMed with the protection available under federal law. The rest of AvMed's claims, however, are virtually identical, and AvMed is seeking the same relief in both courts. Furthermore, AvMed presumably believed for at least two and half years before filing this lawsuit that the state court could adequately protect its interests. Thus, the Court finds that this factor also favors abstention.

In sum, the balance of the *Colorado River* factors and considerations of res judicata and collateral estoppel weigh heavily against dismissal of this case but in favor of a stay. This will give the state court an opportunity to rule on AvMed's state antitrust counterclaims (and possibly its federal antitrust defenses), thereby promoting judicial economy and avoiding the risk of inconsistent results. At the same time, it will give the parties an opportunity to resolve in this Court any issues or claims not resolved by the state court. Finally, as the Court discussed at the hearing, the Court asks that the parties file periodic status reports regarding the state case so that the Court can determine when it is appropriate to proceed in this case. (*See* Doc. #60, Hr'g Tr. 22.)

### III. Conclusion

For the foregoing reasons, Sheridan's Motion to Dismiss or Stay is GRANTED IN PART, DENIED IN PART. The case is STAYED pending the state court's resolution of AvMed's state antitrust counterclaims.

DONE and ORDERED in Chambers, Miami, Florida, July 28, 2010.

_____
Paul C. Huck
United States District Judge

Copies furnished to:
All Counsel of Record

11